IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Marie Luisa Dugena, | ) | Case No. 6:19-cv-01250-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Greer Rehabilitation Healthcare Center | ) | |
| *Dena Johnson Administrator*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Defendant's Motion for Summary Judgment and Plaintiff's Motion for Appointment of Counsel.  ECF Nos. 103, 113.  Plaintiff filed a Response in Opposition to the Motion for Summary Judgment, and Defendant filed a Reply.  ECF Nos. 110, 112.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report").  On July 7, 2020, the Magistrate Judge issued a Report recommending that Defendant's Motion for Summary Judgment be granted and Plaintiff's Motion for Appointment of Counsel be denied.  ECF No. 114.  The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so.  Plaintiff filed objections to the Report, and Defendant filed a Reply.  ECF Nos. 117, 118.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

Plaintiff brings this action alleging violations under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Americans with Disabilities Act ("ADA"). With respect to Plaintiff's Title VII claim, the Magistrate Judge recommends that Defendant's Motion for Summary Judgment be granted because Plaintiff failed to point to any admissible evidence supporting a reasonable inference that her race or national origin affected any action by Defendant, that she was performing her job satisfactorily, or that she was treated differently from similarly situated employees outside the protected class. With respect to her ADA claim, the Magistrate Judge recommends that the Motion for

Summary Judgment be granted because Plaintiff failed to forecast admissible evidence that could establish a prima facie case under either a refusal-to-accommodate or discrimination theory.

In her objections, Plaintiff states as follows,

> 1. Motion for Summary Judgment should not have been granted.
>
> 2. Why? Plaintiff need more time to put together a proper response.
>
> [Motion to Appointment of Counsel]
> Plaintiff's difficulty with English.
> -I just recently learn what affidavit was.
> -I did not understand that I have to submit affidavit to reply for summary judgment.
> -That I relieve that if I have a lawyer I have a fair change of the case.

ECF No. 117.

To the extent Plaintiff intends to move for appointment of counsel, this request is denied. There is no constitutional right to appointment of counsel in civil cases. While the court is granted the power to exercise its discretion to appoint counsel for an indigent party in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). As noted by the Magistrate Judge, "[t]he pleadings and documents filed in this case fail to demonstrate exceptional circumstances exist warranting the appointment of counsel at this stage in the proceedings." ECF No.

71. Thus, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915(e)(1) is denied.[1]

Plaintiff has failed to file specific objections to the Report; however, out of an abundance of caution for a pro se Plaintiff, the Court has conducted a de novo review of the record, applicable law, and Report. Upon review, the Court agrees with the recommendation of the Magistrate Judge.

## <u>CONCLUSION</u>

Accordingly, the Court adopts the recommendation of the Magistrate Judge. Defendant's Motion for Summary Judgment [103] is **GRANTED** and Plaintiff's Motion for Appointment of Counsel [113] is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>
United States District Judge

August 3, 2020<br>
Spartanburg, South Carolina

<b>NOTICE OF RIGHT TO APPEAL</b>

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] With respect to Plaintiff's statement that she needed more time to prepare a response to the Motion for Summary Judgment, the Court notes that Plaintiff did not request additional time to respond to the Motion.